# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEWAN ANTHONY HORNE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-01629-TWP-DML |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR MODIFY SENTENCE AND DIRECTING ENTRY OF FINAL JUDGMENT AND IMMEDIATE RELEASE OF PETITIONER

For the reasons explained in this Order, the Motion filed by Dewan Anthony Horne ("Horne") for relief pursuant to 28 U.S.C. § 2255 must be **granted.**

## I. THE § 2255 MOTION

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The scope of relief available under § 2255 is narrow, limited to "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted).

## II. BACKGROUND

On April 20, 2005, Horne was charged in a multi-count, multi-defendant superseding indictment. In particular, Horne was charged in Count One with Conspiracy to Interfere with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951(a). The indictment alleged that Horne, along with Joseph E. Rodgers ("Rodgers") and Desmond Alexander Johnson ("Johnson"), used the internet to lure potential buyers of automobiles to Indianapolis, Indiana. Horne would make arrangements to meet the potential buyers and lead them to Rodgers and Johnson, who while wielding firearms, robbed or attempted to rob these potential buyers of their cash at gunpoint. Count Two charged Horne with Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951(a) (also known as a Hobbs Act robbery). Count Three charged Horne with Attempt to Interfere with Commerce by Threats or Violence, in violation of 18 U.S.C. §§ 2, 1951(a). Counts Four and Five charged Horne with Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii).

On June 21, 2005, Horne was convicted following a jury trial on Counts One, Two, Three and Four, and was found not guilty of Count Five. On October 7, 2005, Horne was sentenced to 112 months imprisonment on Counts One through Three, and 84 months on Count Four, to be served consecutively. Horne was also ordered to pay restitution in the amount of $13,265.00 and a special assessment of $400.00. On June 19, 2008, Horne filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, which was denied on December 22, 2009. *See Horne v. USA*, No. 1:08-cv-00837-RLY-JMS, Dkt. 18.

In 2015, the United States Supreme Court in *Johnson* held that the so-called residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson v. United*

*States*, 135 S.Ct. 2551, 2563 (2015). The Seventh Circuit has summarized *Johnson*'s impact on the ACCA:

> The [ACCA] . . . classifies as a violent felony any crime that "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another". The part of clause (ii) that begins "or otherwise involves" is known as the residual clause. *Johnson* holds that the residual clause is unconstitutionally vague.

*Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016). *Johnson*'s holding is a new rule of constitutional law that the Supreme Court made retroactive in *Welch v. United States*, 136 S. Ct. 1257 (2016). *See Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016).

On June 22, 2016, Horne filed an application with the Seventh Circuit seeking authorization to file a successive motion to vacate under § 2255 limited to a claim under *Johnson*. On Jun 23, 2016, the Seventh Circuit granted the application and authorized this Court to consider Horne's *Johnson* claim. *Horne v. USA*, No. 16-2608, dkt. 2 (7th Cir. June 23, 2016).

### III. DISCUSSION

Horne seeks relief pursuant to § 2255 arguing that his § 924(c) conviction was predicated on a *conspiracy* to commit a Hobbs Act robbery – and not the Hobbs Act robbery itself – and because conspiracy does not qualify as a "crime of violence" under the § 924(c) residual clause, his § 924(c) conviction cannot be constitutionally sustained. The United States argues that Horne's § 924(c) conviction stemmed from Count Two, the Hobbs Act robbery, and not Count One, the conspiracy. In the alternative, the United States argues that a conspiracy to commit a Hobbs Act robbery is a "crime of violence." In reply, Horne argues that in his indictment, the United States chose to tie Count Four to Count One (and not to Count Two), and is therefore bound to that scope.

3

**A.     Whether Horne's Count Four Stemmed from Count Two**

Horne argues that Count Four stems from Count One, and not Count Two, based on the specific language in the superseding indictment. The United States disagrees. Because it is relevant, Horne's superseding indictment will be largely summarized or reproduced here. The superseding indictment included the totality of the factual allegations as part of Count One, including discussions about three attempted transactions, an attempted robbery on January 1, 2005, and a robbery on January 6, 2005. Counts Two through Five were as follows:

**COUNT 2**
**[Interference with Commerce by Threats or Violence – 18 U.S.C. § 1951(a)]**

The Grand Jury further charges that:

1. The Grand Jury incorporates here by reference paragraphs 1 through 9 and 10(E) of Count 1 as though fully set forth below.

2. On or about January 6, 2005, within the Southern District of Indiana, DEWAN HORNE, JOSEPH RODGERS and DESMOND JOHNSON, the defendants herein, did obstruct, delay or affect commerce or the movement of any article or commodity in commerce, by robbery.

All in violation of Title 18, United States Code, Section 1951(a).

**COUNT 3**
**[Interference with Commerce by Threats or Violence – 18 U.S.C. §§ 2 and 1951(a)]**

The Grand Jury further charges that:

1. The Grand Jury incorporates here by reference paragraphs 1 through 9 and 10(D) of Count 1 as though fully set forth below.

2. On or about January 1, 2005, within the Southern District of Indiana, DEWAN HORNE and JOSEPH RODGERS, defendants herein, did attempt to obstruct, delay or affect commerce or the movement of any article or commodity in commerce, by robbery.

All in violation of Title 18, United States Code, Sections 2 and 1951(a).

4

## COUNT 4
[Brandishing a Firearm During a Crime of Violence – 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii)]

The Grand Jury further charges that:

1. The Grand Jury incorporates here by reference paragraphs 1 through 9 and 10(E) of Count 1 as though fully set forth below.

2. On or about January 6, 2005, within the Southern District of Indiana, DEWAN HORNE, JOSEPH RODGERS and DESMOND JOHNSON, the defendants herein, did brandish a firearm during the commission of a crime in violence.

All in violation of Title 18, United States Code, Sections 2 and 924(c)(1)(A)(ii).

## COUNT 5
[Brandishing a Firearm During a Crime of Violence – 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii)]

The Grand Jury further charges that:

1. The Grand Jury incorporates here by reference paragraphs 1 through 9 and 10(D) of Count 1 and paragraph 2 of Count 3 as though fully set forth below.

2. On or about January 1, 2005, within the Southern District of Indiana, DEWAN HORNE and JOSEPH RODGERS, defendants herein, did brandish a firearm during the commission of a crime of violence.

*USA v. Horne, et al.*, No. 1:05-cr-00032-TWP-TAB, Superseding Indictment (April 20, 2005) (reproduced at Dkt. 13-1).

In order to adequately charge a defendant under 18 U.S.C. § 924(c), the United States does not need to name the predicate crime underlying the charge, but when it does name the charge with specificity, the United States narrows the scope of the charge. *See United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994) ("[w]hat becomes essential to a charged offense in a particular case, above and beyond what is necessary as a statutory matter, depends upon the structure of the indictment and is thus completely within the government's control.").

Here, the choices made by the United States are controlling. In Count Five (for which Horne was found not guilty), the United States charged Horne under § 924(c) and incorporated in paragraph one both the conspiracy in Count One and the attempted robbery in Count Three. However, in Count Four, the United States also charged Horne under § 924(c), but incorporated in paragraph one only the conspiracy in Count One. The difference in the manner that Count Four and Count Five were prepared reflects that the United States made a deliberate choice in its superseding indictment, and having deliberately narrowed the indictment, so the United States is bound to that language. *See also United States v. Leichtnam,* 948 F.2d 370, 377 (7th Cir. 1991) ("an indictment . . . may not be broadened, so as to present the trial jury with more or different offenses than the grand jury charged"). Thus, Horne's § 924(c) conviction stemmed from Count One, the conspiracy to commit Hobbs Act robbery, and not from Count Two, the Hobbs Act Robbery.

**B.**     **Whether Hobbs Act Conspiracy Is a Crime of Violence Under § 924(c)'s Force Clause**

Horne argues that a conspiracy to commit a Hobbs Act robbery is not a "crime of violence" under § 924(c)'s force clause. Again, the United States disagrees.

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

Post-*Johnson*, the Seventh Circuit held that the residual clause in 18 U.S.C. § 924(c) is void for vagueness. *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). The Seventh Circuit has also held that Hobbs Act robbery constitutes a crime of violence under the force clause. *See United States v. Anglin,* 846 F.3d 954, 965 (7th Cir. 2017) ("Hobbs Act robbery is a 'crime of violence' within the meaning of § 92[4](c)(3)(A)."), *vacated on other grounds*, *Anglin v. United States*, 138 S. Ct. 126 (2017); *see also United States v. Rivera*, 847 F.3d 847, 849 (7th Cir. 2017) (holding that the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), does not undermine the holding of *Anglin* that Hobbs Act robbery constitutes a crime of violence under the force clause of § 924(c)(3)). However, the Seventh Circuit has been silent thus far on whether a Hobbs Act robbery conspiracy is a "crime of violence".

To determine when "a predicate offense qualifies as a 'crime of violence' under § 924(c), courts use a categorical approach looking only to the statutory elements of the offense and not to the particular facts underlying the offense." *See Descamps v. United States*, 570 U.S. 254 (2013). "To prove . . . Hobbs Act conspiracy, the government must establish that two or more persons agreed to commit an unlawful act, and that the defendant knowingly and intentionally joined in the agreement." *United States v. Haynes*, 582 F.3d 686, 698 (7th Cir. 2009), *abrogated on other grounds by United States v. Vizcarra*, 668 F.3d 516 (7th Cir. 2012).

Neither of the elements of Hobbs Act conspiracy requires the conspirator to use, attempt, or threaten the use of physical force. Thus, Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause and cannot therefore constitute a crime of violence under § 924(c)(3)(A).

Post-*Johnson*, other district courts have also explicitly rejected the argument that Hobbs Act conspiracy satisfies the force clause's definition of a crime of violence. *See, e.g., Hargrove v. United States*, No. 16 CV 7086, 2017 U.S. Dist. LEXIS 151316, at *7 (N.D. Ill. 2017) ("Because neither of the elements of Hobbs Act conspiracy requires the conspirator to use, attempt, or threaten the use of physical force, Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause."); *United States v. Luong*, Cr. No. 2:99-00433-WBS, 2016 U.S. Dist. LEXIS 53151, 2016 WL 1588495, at *2 (E.D. Cal. Apr. 20, 2016) (holding that conspiracy to commit Hobbs Act robbery did not satisfy the force clause because a jury would "not [be] required to find that [defendant] used, attempted to use, or threatened to use physical force in order to find him guilty of conspiracy"). See also, *United States v. Smith*, 215 F. Supp. 3d 1026, 1034 (D. Nev. 2016) (finding that "[a]greeing to commit a robbery does not necessarily involve the use, attempted use, or threatened use of physical force"); *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1051 (N.D. Cal. 2016) (stating "it appears that Congress intended for crimes such as conspiracy to commit Hobbs Act robbery—which involve a substantial *risk* that physical force would be used in the course of committing the offense—to be covered by the residual clause, not the force clause."); *Duhart v. United States*, No. 16-61499-CIV, 2016 U.S. Dist. LEXIS 122220, at *20, 2016 WL 4720424, at *6 (S.D. Fla. Sep. 9, 2016) ("a conspiracy to commit a Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause"); *United States v. Edmundson*, 153 F. Supp. 3d 857, 859 (D. Md. 2015), as amended (Dec. 30, 2015) (finding that "it is undisputed that Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another.").

Thus, Horne's § 924(c) conviction, which stemmed from a conspiracy to commit Hobbs Act Robbery, could only have qualified under the unconstitutionally vague residual clause of § 924(c)(3)(B) and therefore, must be vacated.

### IV. <u>CONCLUSION</u>

For the reasons explained in this Order, Horne is entitled to relief on his § 2255 motion. His conviction and sentence on Count Four (brandishing a firearm during a crime of violence in violation of 18 U.S.C. §924(c)(1)(A)(ii)), based on a Hobbs Act conspiracy, is unconstitutional. Accordingly, his Motion for relief pursuant to § 2255 is **GRANTED.**

The Judgment as to Dewan Anthony Horne entered on October 18, 2005, in 1:05-cr-00032-TWP-TAB-1 is **VACATED**. An amended judgment, reflecting that Dewan Anthony Horne is not guilty of Count Four and rescinding the sentence related to Count Four of 84 months to be served consecutively, **shall issue**. Effective immediately, Horne's term of imprisonment is converted to a term of "time served". Horne, therefore, **shall be released from the custody of the Federal Bureau of Prisons effective immediately**.

Judgment consistent with this Entry shall now issue and **a copy of this Order shall be docketed in No. 1:05-cr-00032-TWP-TAB-1**.

An officer from the United States Probation Office shall prepare an amended judgment for the Court's signature.

**SO ORDERED**.

Date: 3/19/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sara J. Varner
INDIANA FEDERAL COMMUNITY DEFENDERS
sara.varner@fd.org

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

Electronic copy to United States Probation Office